# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-2147V

CHRISTOPHER BROOKS and
MARTINA BROOKS, Parents of E.B., a
Minor,

               Petitioners,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

Chief Special Master Corcoran

Filed: May 8, 2026

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioners.*

*Crystal Fialkowski, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On December 30, 2024, Christopher Brooks and Martina Brooks, parents of E.B., a minor, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioners allege that E.B. suffered vasovagal syncope, resulting in a traumatic dental injury, resulting from influenza and human papillomavirus vaccines received on October 3, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 8, 2025, a ruling on entitlement was issued, finding Petitioners entitled to compensation for vasovagal syncope. On May 7, 2026, Respondent filed the attached

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

joint stipulation,[3] requesting that I issue a decision awarding an amount of $131,500.00 to purchase an annuity contract as further set forth in paragraphs 8(a) and 10 of the Stipulation, and  $4,163.89 to be paid to Petitioners. Stipulation at ¶ 8. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award Petitioners the following:**

a. **An amount of $131,500.00 to purchase the annuity contract described in paragraph 10 of the Stipulation, paid to the life insurance company from which the annuity will be purchased; and**

b. **A lump sum payment of $4,163.89, to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement to Petitioners. This amount represents past unreimbursable expenses Petitioners incurred on behalf of E.B. related to E.B.'s Table injury.**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Usually, a proffer is filed by Respondent if the parties have reached an informal agreement regarding the appropriate amount of compensation to be awarded after an entitlement determination. However, in a minority of cases, the parties may choose to file a joint stipulation instead, representing more of a compromise regarding the compensation to be awarded.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| CHRISTOPHER BROOKS and MARTINA BROOKS, parents of E.B., a minor, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 24-2147V <br> Chief Special Master Corcoran <br> ECF |

**STIPULATION**

The parties hereby stipulate to the following matters:

1. Christopher and Martina Brooks ("petitioners"), on behalf of E.B., a minor child, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to E.B.'s receipt of the influenza ("flu") and human papillomavirus ("HPV") vaccinations, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. E.B. received the vaccines on or about October 3, 2022.[1]

3. The vaccination was administered within the United States.

---

[1] On October 3, 2022, E.B. also received a COVID-19 vaccine. Vaccines against COVID-19 are not contained in the Vaccine Injury Table. *See* 42 U.S.C. § 300aa-14 and 42 C.F.R. § 100.3(a). Pursuant to the declaration issued by the Secretary of Health and Human Services under the Public Readiness and Emergency Preparedness Act (42 U.S.C. §§ 247d-6d, 247d-6e), claims for alleged injuries from COVID-19 countermeasures, including vaccines, may be compensable under the Countermeasures Injury Compensation Program ("CICP"). *See* 85 Fed. Reg. 15198, 15202 (March 17, 2020).

4. E.B. suffered vasovagal syncope within the time period set forth in the Table following administration of the flu and HPV vaccines and experienced the residual effects of this condition for more than six months.

5. There is not a preponderance of evidence demonstrating that E.B.'s injury is due to a factor unrelated to the vaccinations.

6. Petitioners represent that there has been no prior award or settlement of a civil action for damages on E.B.'s behalf as a result of E.B.'s condition.

7. Accordingly, petitioners are entitled to compensation under the terms of the Vaccine Act for E.B.'s Table injury. Therefore, a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. An amount of $131,500.00 to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

b. A lump sum of $4,163.89 to be paid through an ACH deposit to petitioners' counsel's IOLTA account for prompt disbursement to petitioners. This amount represents past unreimbursable expenses petitioners incurred on behalf of E.B., related to E.B.'s Table injury.

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

2

a.    A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

b.    Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of E.B., pursuant to which the Life Insurance Company will agree to make payments periodically to E.B. as follows for pain and suffering:

a. A certain lump sum of $44,976.30 payable on July 26, 2027.

b. A certain lump sum of $52,483.93 payable on July 26, 2030.

c. A certain lump sum of $61,245.48 payable on July 26, 2033.

The purchase price of the annuity described in this paragraph shall neither be greater than nor less than $131,500.00.  In the event that the cost of the annuity set forth above varies from $131,500.00, the certain lump sum payment to be made on July 26, 2033, shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $131,500.00.  Should E.B. predecease any of the lump sum payments set forth above, said payment shall be made to her estate.  However, written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of E.B's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation.  The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amount set forth in paragraph 8 herein and the amounts

3

awarded pursuant to paragraph 13 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioners, in petitioners' individual capacity, and as legal representatives of E.B., on behalf of petitioners, E.B., and E.B.'s heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

13. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

14. Petitioners and petitioners' attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies,

4

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

15. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 13 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

16. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for E.B.'s benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

17. Petitioners represent that petitioners presently are, or if necessary will become, authorized to serve as guardians/conservators of E.B.'s estate as may be required under the laws of the Commonwealth of Massachusetts.

18. In return for the payments described in paragraphs 8 and 13, petitioners, in petitioners' individual capacity, and as legal representatives of E.B., on behalf of petitioners, E.B., and E.B's heirs, executors, administrators, successors or assigns, (a) does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., (i) on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of E.B. resulting from, or

5

alleged to have resulted from, the vaccinations administered on or about October 3, 2022, and (ii) that petitioners have had, now have, or hereafter may have with respect to the injury that gave rise to the petition for vaccine compensation filed on or about December 30, 2024, in the United States Court of Federal Claims as petition No. 24-2147V; and (b) waive any and all rights to any compensation that may be available under the Countermeasures Injury Compensation Program (CICP), 42 U.S.C. § 247d-6e (or an action under 42 U.S.C. § 247d-6d(d)), for a claim alleging that a covered countermeasure, including the COVID-19 vaccination administered on October 3, 2022, on its own or in combination with the flu and HPV vaccinations administered on October 3, 2022, caused or seriously aggravated the injuries that were the subject of the petition for vaccine compensation filed on or about December 30, 2024, in the United States Court of Federal Claims as petition No. 24-2147V, including vasovagal syncope, for which petitioners, as legal representatives of E.B., will receive compensation pursuant to this Stipulation. If petitioners, on behalf of E.B., have such a claim currently pending with the CICP, petitioners hereby withdraw such claim for compensation in the CICP.[2] If no claim for compensation has been filed in the CICP as of the date this Stipulation is filed, petitioners waive the right to file a claim as described in this paragraph for compensation in the CICP.

19. If E.B. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

20. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

---

[2] After entry of judgment reflecting a decision consistent with the terms of this Stipulation, petitioners agree that respondent will send this Stipulation to the CICP as evidence of petitioners' withdrawal of their CICP claim and waiver of any potential compensation under the CICP.

6

decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

21. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 13 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

22. Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

23. The Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccinations administered on October 3, 2022, caused E.B.'s injury or any other injury or her current condition; however, petitioners have satisfied the Table criteria to establish entitlement to compensation.

24. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of E.B.

**END OF STIPULATION**

7

PETITIONERS:

**CHRISTOPHER BROOKS**

**MARTINA BROOKS**

ATTORNEY OF RECORD FOR
PETITIONERS:

Ronald C. Homer by
Christina Ciampolillo Rule 83.1(c)(2)

RONALD C. HOMER
Conway Homer, P.C.
16 Shawmut Street
Boston, MA 02116
(617) 695-1990
rhomer@ccandh.com

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

**George R. Grimes** - Digitally signed by George R.
Grimes-S16
**S16** Date: 2026.04.20 15:42:49 -04'00'

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 14W-18
Rockville, MD 20857

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

CRYSTAL R. FIALKOWSKI
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 307-0786
crystal.fialkowski@usdoj.gov

Dated: May 7, 2026

8